IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street, S.W., Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue, N.W., <br> Washington, DC 20530, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )   Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational foundation organized under the laws of the District of Columbia and has its principal place of business at 425 Third Street, S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government, politics, and the law. As part of its educational mission, Plaintiff regularly requests records under FOIA to shed light on the operations of the

federal government and to educate the public about these operations.  Plaintiff then analyzes the agency records and disseminates the results of its analysis, as well as the records themselves, to the public.

4. Defendant U.S. Department of Justice is an agency of the United States government and is headquartered at 950 Pennsylvania Avenue, N.W., Washington, DC 20530. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On February 11, 2014, Plaintiff submitted a FOIA request to Defendant by certified mail, seeking access to:

   a. Any and all records of electronic communications (emails) for the period from October 1, 2008, through December 31, 2009, other than those that include Voting Section Chief Christopher Coates as either a sender or a recipient, that were sent by any person who was an employee of the Voting Section during that time and were received (whether directly, by "cc," or by "bcc") by Steven Rosenbaum, Loretta King, Julie Fernandes, Spencer Overton, Samuel Hirsch, Aaron Lewis, Donald Verrilli, Bill Lann Lee, Thomas Perrelli, Thomas Perez, or Eric Holder.

   b. Any and all records of electronic communications (emails) for the period from October 1, 2008, through December 31, 2009, other than those that include Voting Section Chief Christopher Coates as a recipient, that were sent by Steven Rosenbaum, Loretta King, Julie Fernandes, Spencer Overton, Samuel Hirsch, Aaron Lewis, Donald Verrilli, Bill Lann Lee, Thomas Perrelli, Thomas Perez, or Eric Holder and were received (whether directly, by "cc," or by "bcc") by any person who was an employee of the Voting Section during that time.

   c. Any and all records of electronic communications (emails), not provided in response to the foregoing requests, for the period from October 1, 2008, through November 1, 2009, between any employee of the Voting Section and any person who was an employee during that time in the Front Office of the Civil Rights Division, other than those emails that include Voting Section Chief Christopher Coates as either a sender or a recipient.

6. By letter dated April 7, 2014, Defendant acknowledged receipt of Plaintiff's FOIA request and informed Plaintiff that the scope of Plaintiff's FOIA request required

narrowing.

7. On April 21, 2014, Plaintiff submitted a narrowed FOIA request to Defendant by certified mail, seeking access to:

> Any and all records of electronic communications (emails) for the period from October 1, 2008 through December 31, 2009, other than those that include Voting Section Chief Christopher Coates as either a sender or a recipient, between any person listed in Group A, below, and any person listed in Group B, below. In the context of this request, the receipt of an email directly, by "cc," or by "bcc" should be considered as an email "between" identified individuals.

| GROUP A | GROUP B |
|---|---|
| Robert Berman | Steven Rosenbaum |
| Stephanie Celandine (now Gyamfi) | Loretta King |
| Elsie Cooper | Julie Fernandes |
| Richard Dellheim | Samuel Hirsch |
| Sarabeth Donovan | Thomas Perrelli |
| Martin Harrison | Thomas Perez |
| Brian Heffernan | Eric Holder |
| Chris Herren | |
| Perry McCorkle | |
| Peyton McCrary | |
| Timothy Mellett | |
| Autumn Payne | |
| Diana O. Payne | |
| Judith Reed | |
| Alberto Ruisanchez | |
| John Russ | |
| Martha Watanabe | |
| Rebecca Wertz | |

8. According to United States Postal Service records, Plaintiff's narrowed FOIA request was delivered to Defendant on April 25, 2014.

9. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) working days after its receipt of the request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Defendant's determination was due by May 23, 2014.

10. As of the date of this complaint, the Defendant has failed to: (i) determine whether to comply with Plaintiff's request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

11. Because the Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its request, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

12. Plaintiff realleges paragraphs 1 through 11 as if fully stated herein.

13. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

14. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FOIA request, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an

award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: June 23, 2014                                                        Respectfully submitted,

/s/
Michael Bekesha
DC Bar No. 995749
Judicial Watch, Inc.
425 Third Street, S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*